## WORK OF MUNICIPAL PLATTING COMMISSIONS.

Circuit Court of Erie County.

### C. L. WAGNER v. FRANK FITZ ET AL.

Decided, 1908.

*Dedication—Plats—Municipal Corporations—Private Proprietors Can Not Plat Lands in such a Manner as to Interfere with the Work of the Municipal Platting Commission—Amendment Can Only be Made by Resubmission to Commission—When Other Streets May be Laid Out—Steps Essential to Dedication of Additional Streets.*

1. A municipal platting commission, for which provision is made by Section 2629, Revised Statutes (General Code, 4347, *et seq.*), in defining and locating the streets and alleys of a municipality, is required to secure uniformity and regularity therein, to eliminate jogs, twists, turns, pockets and haphazard contrivances against public interest; and having performed this important work and adopted plats, private proprietors of lands within a platted territory can not interfere therewith even with the consent and co-operation of the municipal council.

2. A plat, adopted by a municipal platting commission, goes upon record without being submitted to the municipal council. Having been so adopted, amendment may be had only by resubmission to a regularly constituted platting commission as provided by Section 2636, Revised Statutes (General Code, 4355). It is not subject to amendment by a council nor otherwise than upon regular statutory proceedings to vacate streets and alleys.

3. Under Section 2601, Revised Statutes (General Code, 3584) streets other than those laid down by a municipal platting commission may be laid out and established in the city notwithstanding Section 2633, Revised Statutes (General Code, 4351) provides that no streets, except those laid down in such plat should be laid out; but such additional streets must not interfere with streets and alleys laid out by such commission.

4. To lay out streets additional to those adopted by a municipal platting commission, the plat must show by the certificate of the municipal engineer that the proposed streets do not interfere with those laid down by the municipal platting commission, and the plat must have the approval of the municipal council.

*John Ray* and *George Blackford,* for plaintiff.
*J. F. McCrystal, W. L. Fiesinger* and *Henry Hart,* contra.

PARKER, J.; WILDMAN, J., and KINKADE, J., concur.

It is set forth in the petition in this case, and it has been made to appear to us, that in the year 1900 Charles L. Wagner and Chester L. DeWitt were owners of a certain tract of land in the city of Sandusky, which they caused to be surveyed and subdivided into city lots with a street running through it; that they acknowledged the plat in due form; that a certain certificate of the engineer was written upon it; that it was accepted by the city council by a city ordinance, and then it was recorded in the plat record of the county. It further appears that prior to the time of making and recording said plat the city of Sandusky had duly and regularly appointed a platting commission, which commission had adopted plats and plans for the location and opening of streets, avenues, roadways, etc.; that such commission adopted a plat or plan providing for a uniform system of proposed streets, alleys and avenues in the city of Sandusky, and that said plat and plans were duly recorded in the office of the city civil engineer of the city of Sandusky and in the recorder's office of Erie county, according to law. The plaintiffs in their plat designate a street running through this property as "Lockwood avenue." It is a street lying nearly midway between two streets that had been laid out by the platting commission. To the eastward of it was a street called Erie street laid out by the platting commission; and to the westward of Lockwood avenue was a street laid out by the platting commission called Anderson street. A part of this lot of land subdivided by the plaintiffs extended over into this part of Erie street which had been laid out by the platting commission. Erie street was laid out fifty feet wide, and the plaintiffs' land extended into Erie street forty-two feet; the other eight feet of what was laid out there as a part of Erie street belonged to another proprietor, to a man by the name of Fitz; that is to say, the easterly part. The easterly twelve feet of plaintiffs' property was laid out as an alley, running parallel with Lockwood avenue, and running north from First street, and laid, as it will be observed, within the limits of that part of Erie street as platted by the platting commission. In-lots in this subdivision

were laid out by the plaintiffs; those lying upon the east side of Lockwood avenue extended through from Lockwood avenue to this alley, excepting three lots at the southerly side which faced upon First street. One of these three lots, the easterly of the three, was therefore (it being thirty-three feet wide) almost entirely in Erie street as laid out by the platting commission—all but three feet of it; and thirty feet of the rear end of all of the other lots north of that, in that tier of lots—that is to say, the tier on the east side of Lockwood avenue—extended into that part of Erie street as laid out by the platting commission, north of First street.

Notwithstanding the conflict between the platting as done by the platting commission and that as done by the plaintiffs, as I have said, the plat was accepted by the city council, the dedication of the street as there platted was accepted, and the plat was then recorded.

On June 10, 1903, Mr. Fitz, the proprietor upon the east, eight feet of whose land would be taken by the northerly extension of Erie street, brought an action in the common pleas court of this county to have this plat made by the plaintiff vacated, in so far as it did not conform to the plat made by the platting commission, and to enjoin the city from expending funds, as it was said the city was threatening to do, in the improving of Lockwood avenue and this twelve foot alley. Plaintiffs were not made parties, though they were then the owners of this tract of land, and, of course, would (if parties) be affected by the proceedings. They were not brought into court by publication or otherwise. The decree of the court in that case was in accordance with the prayer.

Now, the plaintiffs come and set up all these facts and pray that that decree may be set aside and vacated. Amongst their allegations as to the regularity of the action of the platting commission, which is very fully alleged by the plaintiffs, it is averred in the petition that the streets and alleys as laid out by the platting commission have not been altered or otherwise affected by this subsequent platting or by other proceeding. It is contended by the plaintiffs that in thus platting their land

they have acted within the limit of their rights defined by statute, and that they have not violated any provision of the law respecting the regard that is to be had·for the work of the platting commission.

Without undertaking to read extensively from the statutes, I will say that our view of the statutory law upon this subject is, that the work of a platting commission in defining and locating the streets, alleys and avenues of a city or village may not be interfered with by private proprietors of lands within the same territory, even with the consent and co-operation of the city council. The work of the platting commission is naturally and necessarily very important. Its purpose is to provide uniformity and regularity in streets and alleys, so that they may not be narrow in one place and wide in another; so that they may be free from jogs, twists and turns; so that they may be open at either end, and not in the nature of pockets and all those miserable contrivances we find in villages that are built up haphazard to please the notion or to subserve the particular interests of the proprietors of little blocks of ground within the village who may desire to lay them out so as to get the greatest number of lots or the most money, without regard to the general interest.

The "plans" adopted by the platting commission in Section 2636, R. S. (General Code, 4355) "can be amended after adoption, by like proceedings by which they were originally adopted"; which means that they can be amended by the action of a regularly constituted platting commission. When a platting commission does its work, it is not required to submit it to the council; it at once goes upon record. It is not subject to amendment by the council, except that there are certain forms of proceeding which are authorized whereby the courts or the council may vacate streets and alleys under certain circumstances, none of which proceedings were followed so as to vacate the streets involved in this controversy. In other words, none of which proceedings were followed by the council so as to vacate this northern part of Erie street as laid out by the platting commission.

Plaintiffs assume that they had a right to plat their lands, laying out a lot within the limits of this northern extension of Erie street, and laying out other lots extending thirty feet over into Erie street, without regard to the previous action of the platting commission; and the city council apparently assumed they had the right, and permitted them to do it, and endorsed and approved their action. We do not think they had that right.

With respect to the plans of the platting commission, after they have done their work and advertised it for six weeks so that objections may be made and heard, amendments made, etc., Section 2633, Revised Statutes (General Code, 4356) provides as follows:

"At the end of the time aforesaid, the commission shall cause copies of the plat, as finally adopted, to be prepared, and such monuments or marks as it may thnk proper to be placed on the grounds, and shall deposit one copy, certified to by it, in the office of the county recorder, and another in the office of the city engineer, and such plan shall be deemed and taken to be the regularly adopted plan for streets and alleys in such territory; and no streets or alleys, except those laid down on such plan, shall subsequently be in any way accepted as public streets or alleys by the municipal corporation, nor shall any of the public funds be expended in the improvement or repair of streets or alleys subsequently laid out, and not on such plat; provided, however, that nothing herein shall be construed to prevent any municipal corporation from exercising the power of condemnation, in any of the cases where it is now or may be hereafter by law authorized to condemn and appropriate property to public use, although it be not shown as a street on such plat."

There seems to be some inconsistency in the provisions of that section—one part providing distinctly that there shall be no streets or alleys except such as are laid out by the platting commission, and the other providing there may be other streets acquired by condemnation proceedings. The provision that there shall be no streets, except those laid out by or on such plans, we think was put in with a view of declaring distinctly, that the municipality should not be deemed to have accepted, or to be bound for, the repair of, or in any way made responsible

for streets and alleys not appearing upon such plan, unless such as might be otherwise regularly adopted. We think the qualification that there may be other streets regularly adopted, must be read into that statute in view of the provision of Section 2601, Revised Statutes (General Code, 3584).

It is under this last mentioned section that the plaintiffs have undertaken to proceed. That section reads:

"A proprietor of lots or grounds in a municipal corporation, who subdivides or lays the same out for sale, shall cause to be made an accurate map or plat of such subdivision, describing with certainty all grounds laid out or granted for streets, alleys, ways, commons, or other public uses; also, all lots sold, or intended for sale, by progressive numbers, or by the squares in which they are situated, and the precise length and width of each lot sold, or intended for sale; which map or plat shall be subscribed by such proprietor, or his agent, duly authorized by writing, acknowledged before an officer authorized to take the acknowledgment of deeds, who shall certify the acknowledgment of the instrument, and recorded in the office of the recorder of the county; and thereupon the map or plat so recorded shall be deemed a sufficient conveyance to vest in the municipal corporation the fee of the parcel or parcels of land designated or intended for streets, alleys, ways, commons or other public uses, to be held in the corporate name in trust to and for the uses and purposes in the instrument set forth and expressed, designated, or intended; provided, that no such map or plat of any addition within the limits of any municipal corporation, when there are" (the word "no" is printed here, but it is pointed out that that is a typographical error; it should be "on") "on record plats adopted by a platting commission or board of public works, shall be recorded until the engineer of the municipal corporation certifies that the streets, as laid down on the plats of such addition, correspond with those laid down on the recorded plats of the platting commission or board of public works, and when there are streets laid down in addition to those adopted by a platting commission or board of public works, or in any municipal corporation where no platting commission is or has been in existence, no such plat shall be recorded until the same shall have been approved by the council of such municipal corporation."

Now, it is very apparent from the reading of that statute that streets other than those laid down by the platting commission are contemplated, but these *other streets* must not interfere with the

plans of the platting commission. Streets may be laid through blocks, additional streets may be laid through the city, so long as they do not destroy or interfere with the streets as laid out by the platting commission. The certificate of the city engineer must show that this is true when the plat is presented. That was not done in this case; no such certificate appears upon that plat and no such certificate could have been made. The absence of such certificate may be unimportant here, but the important fact is that the certificate could not have been truthfully made as required by law.

When additional streets are laid out to those provided for by the platting commission, then the requirements are precisely the same as in a case where there has been no plattnig commission, namely, that the plat shall be accepted by the council. So that the plat we have under consideration, the plat of the plaintiffs, providing for streets, requires two things, to-wit, it shall have the certificate of the city engineer that the streets and alleys as laid out upon the plat do not interfere with the work of the platting commission, and it shall also have the approval of the city council because of the new streets laid out. But that action is all the time subject to the qualification that the city council may not authorize such platting—may not do so regularly and legally—if it interferes with the work done by the plating commission.

From the foregoing, it follows that there was irregularity in the making, adoption and recording of this plat. It does not follow, we think, that all of the work was necessarily so irregular or illegal as to be utterly void and of no effect.

Certain penalties are imposed by the statutes, Sections 2602, 2603, 2605, 2606. Revised Statutes (General Code, 3587, 3588, 3590, 3591), for platting lands in this way, recording the plat and selling the lots. It is quite apparent that it would breed great confusion in titles. Indeed, where a plat is not regularly adopted so that the numbering of the lots is authorized, it not only breeds confusion in title, but in matters of taxation also. And, therefore, penalties are imposed for attempting that kind of work, or doing that which would result in that kind of confusion.

Unplatted land must be described by metes and bounds, or otherwise, to get a pertinent description to convey anything. Lands lawfully and legally platted may be described by numbers. The law requires that the lots sold, or intended for sale, shall have progressive numbers, and that the precise length and width of each lot sold, or intended for sale, shall be set down. And, of course, that is quite important where platted lands are sold by numbers instead of by metes and bounds. In so far as this plat does not affect lands extending eastward from the east line of this extension of Erie street, of course there can be no objection to it; but in so far as it undertakes to plat land lying within the limits of this proposed extension of Erie street as defined upon the plat of the platting commission, we think it is utterly ineffective and must be regarded as void and of no effect. And the whole matter having been brought before the court, and all the facts laid before the court, we think it devolves upon this court as a court of equity to enter such a decree as will preserve the rights of the parties and the rights of the public as far as we may be able to do so.

Some of these lots in this eastern tier of lots have been sold and houses have been built upon the lots; one of the lots, the easterly lot of those fronting upon First street, has been sold and a house has been built upon it. This lot with the house on it fronts on First street and, with the exception of three feet, stands entirely within this proposed extension of Erie street. The eastern extension of the other lots comes into this proposed extension of Erie street also. To be sure, the proprietor of these lots has a legal right to sell them so long as they are not required by the city for public streets. The proprietor's right is not taken away by the delineation of streets upon them by the platting commission. The plaintiffs in this case have not parted to the city and the public with their interest in these lots. They have a right to sell them, lease them, build upon them, or do with them as they please, subject to the right of the city (by condemnation proceedings) to acquire the property for the extension of the street; but they have no right to plat it and sell the property by lot numbers. They may plat up to the middle of the west side of this proposed extension of Erie street, and they

may sell what remains outside the limits of the proposed extension of Erie street, by metes and bounds, or other pertinent description, but not as a part of these platted lots. And since the precise length and width of each lot sold, or intended for sale must be delineated upon the plat, we think that the plaintiffs before they sell any more lots should be required to furnish an amended plat, one in accordance with the statute, one to which the city engineer may truthfully and properly certify, and upon which he shall certify, that it conforms to the plans laid down by the platting commission; and, that they shall do so will be a part of this court's decree.

The city has accepted this street, Lockwood avenue, and the proprietors have dedicated it, and we think the proprietors and the city should be bound by that action, both as to the public and as to persons who have bought lots of these proprietors, and we should not interfere with that; but the amended plat should be filed. They should not be allowed to sell lots delineated upon this plat. What the rights of those who have bought lots under this plat may be against the proprietors who sold them, we are not called upon to say; they are not parties to this action.

In view of the mistakes that have been made from the beginning to the end of this controversy, both by the proprietors and by the city, we have concluded that the costs should be divided equally; half of the costs will be adjudged against the plaintiffs, and half against the city.

Mr. Hart: What is the court's holding as to Lockwood avenue being a legal street or not?

The Court: We hold that it is a legal street. It has been properly dedicated and accepted by the council; but both the proprietors and city council went too far in undertaking to accept the plat for the extension of lots over into Erie street. That part of their action is null and void.

It follows, of course, that the city will not be enjoined from improving Lockwood avenue.